# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2011

Lyle W. Cayce
Clerk

No. 10-40784
Summary Calendar

LAVERN D. BONIN,

Plaintiff - Appellee

v.

RYAN MARINE SERVICES, INC.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:07-CV-00481

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This appeal involves a suit brought by Lavern D. Bonin, under the Jones Act and pursuant to general maritime law, against his employer, Ryan Marine Services, Incorporated ("Ryan Marine"), for injuries that he sustained to his left shoulder in the course of his employment. After a bench trial, the district court found in favor of Bonin and awarded him damages. On appeal, Ryan Marine challenges the district court's findings of fact as to (1)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40784

negligence; (2) causation; and (3) the appropriate damages for Bonin's lost wages. Because the district court did not clearly err as to these findings of fact, we AFFIRM the district court's judgment.

## BACKGROUND

Bonin was working for Ryan Marine on April 6, 2007, on the M/V RMS CITATION ("the vessel") when his supervisor, Captain Bill Cox ("Captain Cox") ordered him and another deckhand, Brian Smith, to go to the anchor platform[1] in order to detach the vessel from a work platform on shore, to which the vessel was attached. They were to do this by disconnecting and retrieving the mooring line[2] which connected a cable, called the anchor cable, on the vessel, to a cable attached to the work platform.

Bonin claimed that he suffered a severe injury to his left shoulder while attempting to retrieve the mooring line, impairing his ability to work. He brought suit against Ryan Marine in district court. After conducting a bench trial, the district court determined that Captain Cox was negligent in ordering Bonin to retrieve the mooring line and thereby created an unseaworthy vessel, which was the proximate cause of the injury to Bonin's shoulder. The court awarded Bonin $203,168 in damages.

On appeal, Ryan Marine contests the sufficiency of the evidence as to (1) the district's finding regarding Captain Cox's negligence; (2) the district court's finding that Captain Cox's negligence caused Bonin's injury; and (3) the damages awarded by the district court to Bonin. We address each argument in turn.

---

[1] The record indicates that the anchor platform was a platform on the back of the vessel to house the anchor.

[2] The mooring line is also sometimes referred to in the record as the shock line.

2

No. 10-40784

## STANDARD OF REVIEW

"In a bench tried admiralty case, a district court's findings concerning negligence and causation are findings of fact reviewable by this court only for clear error." *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 303 (5th Cir. 2008). As damages awards are also findings of fact, we review such awards for clear error. *Nichols v. Petroleum Helicopters, Inc.*, 71 F.3d 119, 121 (5th Cir. 1994). "A finding is clearly erroneous when the appellate court, viewing the evidence in its entirety, 'is left with the definite and firm conviction that a mistake has been made.'" *Bertucci Contracting Corp. v. M/V ANTWERPEN,* 465 F.3d 254, 258-59 (quoting *Walker v. Braus*, 995 F.2d 77, 80 (5th Cir. 1993)). We may not reverse "[if] the district court's finding is plausible in light of the record as a whole," even if this court "would have weighed the evidence differently." *Id.* at 258.

## DISCUSSION

### A.

The parties do not dispute that this case is governed by the Jones Act, 46 U.S.C. § 30104, which permits "an injured seaman to sue his employer for personal injuries suffered as a result of the employer's negligence." *Park v. Stockstill Boat Rentals, Inc.*, 492 F.3d 600, 603 (5th Cir. 2007). In a Jones Act case, the relevant standard of care is "ordinary prudence under the circumstances." *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338 (5th Cir. 1997). The district court found that Captain Cox was negligent in ordering Bonin to retrieve the mooring line, which was very heavy, under dangerous conditions at sea, and with only one person to assist him. The court also found that Captain Cox should instead have ordered Bonin to cut the mooring line.

Here, Ryan Marine contends that there is no evidence or expert testimony to support a finding that Captain Cox was negligent. Specifically,

No. 10-40784

Ryan Marine argues that Bonin and the other deckhand, Smith, were the only witnesses who testified that Captain Cox was negligent, and that they did not have the requisite expertise required to testify as to whether Captain Cox was negligent in ordering them to retrieve the mooring line. This argument fails; Ryan Marine cites no authority in its brief supporting its claim that expert testimony was required to establish that Captain Cox did not exercise ordinary prudence under the circumstances. Moreover, Bonin had 40 years of experience working on vessels, and Smith had 15 years of such experience.

Ryan Marine also argues that even if Bonin and Smith were qualified to testify as to whether Captain Cox was negligent, their testimony did not show that Captain Cox was negligent. We disagree. The record contains evidence that Captain Cox ordered the two other men to retrieve a heavy, waterlogged mooring line under dangerous conditions. When the men attempted to retrieve the mooring line, the seas were heavy, and visibility was poor because it was late at night. Moreover, the mooring line itself was heavy and water-logged, and the weather caused it to be pulled taut, making it difficult to disconnect the line. The men also had no safety equipment or guard rails where they were standing on the anchor platform. We discern no clear error, because the district court's finding that Captain Cox was negligent and should have ordered the men to cut rather than retrieve the mooring line is plausible in light of the record as a whole.

B.

Ryan Marine also contends that the evidence shows that Captain Cox's negligence, if any, did not cause Bonin's injury. Ryan Marine argues that Captain Cox ordered Bonin and Smith to disconnect the mooring line from the cable connected to the work platform, whereas at one point in his testimony, Bonin stated that he was injured when attempting to disconnect

4

No. 10-40784

the mooring line from the anchor cable on the vessel. Ryan Marine further contends that disconnecting the mooring line from the anchor cable was the safest method for detaching the vessel from the work platform.

The district court found that Captain Cox's negligence was in sending Bonin and Smith out to retrieve the mooring line at all, rather than simply ordering them to cut the mooring line, and that Bonin suffered the injury to his shoulder while attempting to retrieve the line. There was testimony from both Smith and Bonin to support the proposition that under the circumstances, Captain Cox should have ordered the men to cut the mooring line. There was also testimony that Bonin suffered the injury after being sent by Captain Cox to the anchor platform to attempt to retrieve the mooring line. We discern no clear error in the district court's finding regarding causation.

C.

Ryan Marine's final argument is that the evidence does not support the damages awarded to Bonin, because the evidence shows that Bonin was disabled when he went to work for Ryan Marine, and so Bonin is not entitled to past or future lost wages.

The district court found that Bonin suffered an injury to his left shoulder while trying to retrieve the mooring line as ordered, and that any pre-existing condition that he had was not acute or debilitating. These findings are plausible in light of the record as a whole, which included testimony from an orthopedic surgeon regarding Bonin's medical condition before and after the April 6, 2007 injury, and from an economist hired by Bonin to testify regarding his economic losses. In addition, the district court's award of lost past and future wages was lower than what the economist calculated. Accordingly, the district court did not clearly err in the lost wages that it awarded to Bonin.

No. 10-40784

## CONCLUSION

We conclude that the district court did not clearly err in its findings as to negligence, causation, or damages.  Thus, we AFFIRM the district court's judgment and award of damages to Bonin.